DAVID L. NEALE (SBN 141225)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DLN@LNBYB.COM; JPF@LNBYB.COM

Proposed Attorneys for Chapter 11Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA BARBARA DIVISION**

| | |
|---|---|
| In re:<br><br>CRUNCHIES FOOD COMPANY, LLC,<br><br>Debtor and Debtor in Possession, | Case No.: 9:14-bk-11776-PC<br><br>Chapter 11 Case<br><br>**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS IN SUPPORT THEREOF**<br><br>**MASTER STATEMENT OF FACTS AND DECLARATION OF JAMES LACEY IN SUPPORT THEREOF FILED SEPARATELY**<br><br>Hearing:<br>Date: To be set by Court<br>Time: To be set by Court<br>Place: Courtroom 201<br>1415 State Street<br>Santa Barbara, CA 93101-2511 |

**SUMMARY**

Pursuant to sections 105 and 366 of title 11 of the United States Code, sections 101 *et seq.* (the "Bankruptcy Code") and Rule 2081-1(b)(2)(C) of the *Local Bankruptcy Rules for the Bankruptcy Court of the Central District of California* (the "Local Rules") Crunchies Food Company, LLC (the "Debtor"), the debtor and debtor in possession in the above-referenced chapter 11 case, hereby moves, on an emergency basis (the "Motion"), for the entry of an order authorizing the Debtor to provide adequate assurance of future payment to certain utility companies pursuant to Section 366(c) of the Bankruptcy Code.

The Debtor filed its voluntary chapter 11 bankruptcy petition on August 15, 2014 (the "Petition Date"). The debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. § 1107 and 1108.

The Debtor is a packaged healthy snack food company founded in Ventura County in 2006 by James Lacey with its operations located in Westlake Village, California. The Debtor was established in response to the rapid and overwhelming demand for good tasting and truly healthy natural snacks on the market, and it has enjoyed incredible growth year over year. The Debtor developed a line of delicious, fun, pure foods without preservatives, added sugars, trans fats, or excessive sodium. Available in a wide variety of delicious flavors, Crunchies snacks are produced with the Debtor's proprietary freeze-drying process by placing individually frozen fruits and vegetables in a refrigerated vacuum chamber that intensifies flavor and removes up to 97% of moisture, assuring a uniquely crunchy snack that retains almost all of its nutrients and enzymes. Some of the Debtor's products include Freeze Dried Cinnamon Apple, Freeze Dried Mixed Fruit, Freeze Dried Buttered Sweet Corn, Freeze Dried BBQ Roasted Veggies, Freeze Dried Strawberries, Freeze Dried Grapes, Freeze Dried Salted Edamame, and Strawberry Munch Paks.

As a necessity of operating its business, the Debtor receives water, gas, electricity, telephone, internet and similar utility services from a number of utility companies (each a "Utility Company," and collectively, the "Utility Companies"). Given the importance of the services provided by the Utility Companies to the Debtor's business, it is crucial that the means

of providing adequate assurance to the Utility Companies be determined immediately so that there is no interruption in the services provided.

Prior to the commencement of the Debtor's bankruptcy case, the Utility Companies listed in Exhibit "3" to the declaration of James Lacey (the "Lacey Declaration") provided utility services to the Debtor. The Debtor intends to provide adequate "assurance of payment" by providing each of the Utility Companies listed in Exhibit "3" with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth in Exhibit "3," provided that the Debtor will continue to utilize such services. The proposed deposit amounts were determined based on an average of the three (3) monthly ledgers reflecting expenses the Debtor incurred for the respective Utility Companies, which bills are attached as Exhibits "4" – "9" to the Lacey Declaration. To the extent that a deposit is already in place with a particular Utility, such amount was deducted from the proposed deposit sought herein. The source of funds to be used to pay the cash deposits to the Utility Companies will be the Debtor's post-petition revenue and cash on hand, which may be the cash collateral of some secured creditors, but is subject to a separate motion requesting use of such cash collateral.

## ADDITIONAL INFORMATION

The Motion is based on this Motion, the attached Memorandum of Points and Authorities and separately filed Lacey Declaration, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other admissible evidence properly presented to the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtor served by overnight mail a copy of this Motion and all supportive papers (including notice of the hearing) upon the Office of the United States Trustee, the Debtor's secured creditors, the 20 largest unsecured creditors, the Utility Companies, and all of those parties requesting special notice.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order:

(a) Affirming the adequacy of the notice given;

(b) Authorizing the Debtor to provide adequate "assurance of payment" to the Utility Companies via cash deposits in the amounts set forth herein;

(c) Deeming the cash deposits paid by the Debtor to the Utility Companies as constituting adequate "assurance of payment" pursuant to section 366(c) of the Bankruptcy Code;

(d) Ordering the Utility Companies that receive cash deposits under an order of the Court granting this Motion to return such cash deposit within ten (10) business days if, and when, a Utility Company's service is terminated; and

(e) Granting such other and further relief as the Court deems just and proper.

Dated: August 18, 2014

CRUNCHIES FOOD COMPANY, LLC

By: *<u>/s/ David L. Neale</u>*
DAVID L. NEALE
JOHN-PATRICK M. FRITZ
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

Please see Master Statement of Facts filed concurrently with this Motion and declaration of James Lacey annexed thereto.

**II.**

**DISCUSSION**

Section 366 of the Bankruptcy Code, as amended by the BAPCPA and applicable herein, provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, . . . the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for services rendered before the order for relief was not paid when due.
>
> . . .
>
> (c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor . . . adequate assurance of payment for the utility service that is satisfactory to the utility.
>
> (3)(A) On request of a party in interest[1] and after notice and a hearing, the court may order the modification of the amount of an assurance of payment under paragraph (2).

11 U.S.C. § 366.

Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. See Massachusetts Elec. Co. v. Keydata Corp. (In re Keydata Corp.), 12 B.R. 156, 158 (1st Cir.B.A.P.1981). Prior to the enactment of BAPCPA, where a debtor has, with few exceptions, timely paid its utility bills prior to the commencement

[1] The Debtor is a party in interest. 11 U.S.C. § 1109(b).

of its chapter 11 case, the administrative expense priority provided in sections 503(b) and 507(a)(1) of the Bankruptcy Code often constituted adequate assurance of payment, and no deposit or other security was required. See Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646, 651 (2d Cir.1997); see also Demp v. Philadelphia Elec. Co. (In re Demp), 22 B.R. 331, 332 (Bankr. E.D. Pa.1982).

Now, pursuant to the BAPCPA, the administrative expense priority provided by Sections 503(b) and 507(a)(1) of the Bankruptcy Code specifically is not a means of providing "assurance of payment" under Section 366(c)(2) of the Bankruptcy Code. 11 U.S.C. § 366(c)(1)(B). Instead, a Chapter 11 debtor must provide "assurance of payment" pursuant to Section 366(c)(1)(A) of the Bankruptcy Code, which states that "assurance of payment" means: a cash deposit, a letter of credit, a certificate of deposit, a surety bond, a prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor. 11 U.S.C. § 366(c)(1)(A).

Based on the foregoing, during the first 30 days following the commencement of a voluntary chapter 11 bankruptcy case, a utility may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a pre-petition debt for utility services provided. Following the foregoing 30-day period, however, utility companies may alter, refuse or discontinue service if the debtor does not furnish adequate "assurance of payment" of post-petition utility service obligations that is satisfactory to the relevant utility.

Under Section 366(c) of the Bankruptcy Code, this Court has exclusive responsibility for determining what constitutes adequate assurance of payment of post-petition utility charges and is not bound by local or state regulations. See e.g., Begley v. Philadelphia Elec. Co. (In re Begley), 41 B.R. 402, 405-06 (Bankr.E.D.Pa.1984), aff'd, 760 F.2d 46 (3d Cir.1985) (pre-BAPCPA); Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.), 35 B.R. 188, 195 (Bankr. D. Ohio 1983) (pre-BAPCPA case finding that determinations of adequate assurance under section 366 are fully within the Court's discretion).

In this case, the Debtor intends to provide adequate "assurance of payment" by providing the Utility Companies listed in Exhibit "3" to the Lacey Declaration with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth in Exhibit "3" to the Lacey Declaration. The proposed deposit amounts were determined based on an average of the last three (3) most recent monthly statements reflecting expenses the Debtor incurred for the respective Utility Companies. To the extent that a deposit is already in place with a particular Utility, such amount was deducted from the proposed deposit sought herein.

The source of funds to be used to pay the cash deposits to the Utility Companies will be the Debtor's post-petition revenue and cash on hand, which may be the cash collateral of some secured creditors, but is subject to a separate motion requesting use of such cash collateral.

## III.

## CONCLUSION

Based on the foregoing, the Debtor submits that approval by this Court of the Motion is in the best interests of the Debtor's estate and respectfully requests that the Court enter an order:

(a) Affirming the adequacy of the notice given;

(b) Authorizing the Debtor to provide adequate "assurance of payment" to the Utility Companies via cash deposits in the amounts set forth herein;

(c) Deeming the cash deposits paid by the Debtor to the Utility Companies as constituting adequate "assurance of payment" pursuant to section 366(c) of the Bankruptcy Code;

(d) Ordering the Utility Companies that receive cash deposits under an order of the Court granting this Motion to return such cash deposit within ten (10) business days if, and when, a Utility Company's service is terminated; and

///

///

///

///

///

(e) Granting such other and further relief as the Court deems just and proper.

Dated: August 18, 2014

CRUNCHIES FOOD COMPANY, LLC

By: */s/ David L. Neale*

DAVID L. NEALE
JOHN-PATRICK M. FRITZ
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*) **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 18, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On August 18, 2014 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 18, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
The Hon. Peter H. Carroll
United States Bankruptcy Court
1415 State Street, Suite 230
Santa Barbara, CA 93101-2511

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 18, 2014 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**9:14-bk-11776-PC Notice will be electronically mailed to:**

Richard W Esterkin on behalf of Creditor Provident Trust Group, LLC
resterkin@morganlewis.com, vrader@morganlewis.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

John-Patrick M Fritz on behalf of Debtor Crunchies Food Company, LLC
jpf@lnbrb.com

David L. Neale on behalf of Debtor Crunchies Food Company, LLC
dln@lnbrb.com

Evan D Smiley on behalf of Creditor Chaucer Foods
esmiley@wgllp.com, msciesinski@wgllp.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov