MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, Bar No. 70769
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
resterkin@morganlewis.com

Attorneys for The Provident Trust Group, LLC and The Chung Family Trust

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA BARBARA DIVISION

| | |
|---|---|
| In re<br><br>CRUNCHIES FOOD COMPANY, LLC,<br><br>      Debtor and Debtor in Possession | Case No. 9:14-bk-11776-PC<br><br>Chapter Number 11<br><br>**SENIOR SECURED LENDERS' OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION ON AN INTERIM BASIS PENDING A FINAL HEARING**<br><br>Date:    August 21, 2014<br>Time:   1:30 p.m.<br>Judge:  Hon. Peter H. Carroll<br>Crtrm:  201 |

The Provident Trust Group, LLC ("Provident") and The Chung Family Trust (the "Chung Trust" and, together with Provident, the "Senior Secured Lenders") respectfully submit the following opposition to the Debtor's Emergency Motion for Authority to Use Cash Collateral and to Provide Adequate Protection on an Interim Basis Pending a Final Hearing (Docket No. 8):

///

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25280078.1

1.  Provident Group holds five notes made by the Debtor in the aggregate principal amount of $1,000,000.[1] The Debtor is in default of each of those notes by reason of its failure to pay the monthly interest due under the foregoing notes on August 1, 2014.[2]

2.  The Chung Trust holds two notes made by the Debtor in the aggregate principal amount of $1,000,000.[3] The Debtor is in default of each of those notes by reason of its failure to pay the monthly interest due under the foregoing notes on August 1, 2014.[4]

3.  The Debtor's obligations under the notes held by the Senior Secured Lenders are secured by all, or substantially all, of the Debtor's assets pursuant to the terms of an Amended and Restated Security Agreement.[5] The security interests granted under that security agreement were perfected by the filing of a UCC Financing Statement with the California Secretary of State on December 20, 2013.[6]

4.  In the aggregate, as of August 15, 2014, the petition date herein, the Debtor owed the Senior Secured Lenders approximately $2,300,000.[7]

5.  The present motion seeks an order authorizing the Debtor to make use of the Senior Secured Lender's cash collateral (the proceeds of the Debtor's sales of their inventory and collection of their accounts receivable). To obtain that order, the Debtor is required to demonstrate to this Court that the Senior Lenders' interest in the cash collateral that the Debtor proposes to use is adequate protected. 11 U.S.C. §§ 363(c) and (p).

6.  The only evidence regarding adequate protection provided to this Court in support of the Debtor's motion is the Declaration of James Lacey (Docket No. 10 at pages 14 through 23) (the "Lacey Decl.") and the Debtor's proposed thirteen week cash forecast attached to the motion as Exhibit 1 (Docket No. 8 at page 21). Mr. Lacey's declaration, and the Debtor's motion,

---

[1] *Declaration of Kevin Park re Debtor's Emergency Motion for Authority to Use Cash Collateral and to Provide Adequate Protection on an Interim Basis Pending a Final Hearing* filed concurrently herewith (the "Park Decl.") at Ex. 1, 2, 6, 7 and 8.
[2] Park Decl. at ¶ 8.
[3] Park Decl. at Ex. 3 and 9.
[4] Park Decl. at ¶ 8.
[5] Park Decl. at Ex. 10.
[6] Park Decl. at Ex. 5.
[7] Park Decl. at ¶ 8.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DB2/ 25280078.1

approach the issue of the Debtor's lenders' adequate protection from two perspectives: (a) the Debtor's alleged enterprise value and (b) the liquidation value of the lenders' collateral.

7. Mr. Lacey declares that the Debtor currently has approximately $900,000 in accounts receivable and $1,600,000 in inventory (at cost).[8] Mr. Lacey declares that, if the Debtor is forced to liquidate, the value of its inventory will fall to approximately $600,000, leaving the Debtor's lenders with $1,500,000 in collateral, which is substantially less than the amount owed to the Senior Secured Lenders.

8. The Debtor's budget reflects that the Debtor entered bankruptcy with approximately $8,000 in cash. That budget anticipates the Debtor obtaining $600,000 in post-petition financing and ending with approximately $157,000 in cash. Thus, the Debtor's budget anticipates a cash loss of approximately $450,000 over the thirteen week budget period. Further, at no time does the Debtor have sufficient cash to operate without the borrowed funds and there is no evidence before the Court as to the Debtor's prospects for obtaining the required cash infusion. Finally, because the budget is merely a cash flow projection, there is no evidence before the Court as to whether the Debtor's accounts receivable or inventory are increasing or declining over the period covered by the budget.

9. Since it seems clear that the Debtor cannot possibly satisfy its burden of demonstrating that the Senior Secured Lenders are adequately protected by the collateral that secures the repayment of the Senior Secured Lenders' loan, or by the Debtor's prospective profitable operations, the Debtor relies upon an enterprise value that was apparently calculated based upon a multiple of the Debtor's sales. The use of this valuation is not supported by the law or any competent evidence.

10. In *In re Tenney Village Company, Inc*, 104 B.R. 562 (Bankr. N.H. 1989), the court was faced with a similar problem. In that case, the debtor sought to obtain a priming loan pursuant to § 364(d), arguing that the existing lender was adequately protected by the enterprise value of its collateral. After a lengthy analysis, the court concluded as follows:

---

[8] Lacey Dec. at ¶¶ 21 and 25. The Debtor's motion states that the Debtor currently has $900,000 in accounts receivable and $2,300,000 in inventory at cost. Motion at 5:7-9. There does not appear to be any evidentiary support for the $2,300,000 figure.

> Having in mind all of these circumstances, I conclude that the Debtor has a slim chance of remaining in operation long enough to effect a sale, or of selling its business at any time at a going concern value based upon income potential. The trust mortgage should therefore be valued based upon asset valuations rather than discounted or capitalized earnings.

104 B.R. at 562. So, too, here. There is absolutely no evidence of the Debtor's ability to survive long enough to realize the enterprise value upon which the present motion is based or that the Debtor will ever become profitable. Thus, there is no basis upon which this Court can conclude that the Senior Secured Lenders are adequately protected by an alleged enterprise value that will never be realized, if it exists at all.

11. Not only would the use of an enterprise value to determine adequate protection be improper, but there is insufficient evidence before this Court as to the Debtor's alleged enterprise value. The only evidence as to the Debtor's enterprise value is Mr. Lacey's statement that:

> In 2013, the Debtor's business was valued at approximately $15 million as a going concern for purposes of raising new capital. The valuation followed an industry practice of using a multiple of gross annual revenue (generally 3 to 6 times revenue for the snack food industry) and subtracting outstanding debt. In arriving at its computation of going concern value, the Debtor used a conservative multiple of 3 times earnings.

Lacey Decl. at ¶ 7. This statement is insufficient to establish the Debtor's enterprise value for the following reasons:

(a) The alleged valuation was as of an unstated date in 2013, not August 2014. The Court is left to guess as to any circumstances that may have changed between the date of the valuation and the present.

(b) While Mr. Lacey may have considerable experience in the food industry, but there is nothing in the record to show that Mr. Lacey has any valuation expertise. Thus, Mr. Lacey is not qualified to provide an expert opinion as to the Debtor's enterprise value.

(c) Even were Mr. Lacey qualified to provide expert valuation testimony, he does not do so. Rather, Mr. Lacey states that the Debtor's business was valued at $15 million by some indentified person or persons. Mr. Lacey is thus merely repeating a valuation assigned by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25280078.1

4

1  those unidentified persons, rather than expressing his own opinion of value.  As a result, it

2  appears that Mr. Lacey's statement is inadmissible hearsay.  Fed.R.Evid. 802.

3        12.    In sum, the Debtor's own budget makes is clear that continued operation of the

4  Debtor's business will only result in further operating losses that will consume any additional

5  financing that the Debtor may obtain.  With no going concern sale or profitable operations in

6  sight, the Debtor's purported enterprise value does not provide the Senior Secured Lenders with

7  adequate protection for their interests in the Debtor's property.  As a result, the Debtor's motion

8  should be denied.

9  Dated: August 20, 2014                              MORGAN, LEWIS & BOCKIUS LLP

                                                By  /s/ Richard W. Esterkin
                                                    Richard W. Esterkin
                                                    Attorneys for The Provident Trust Group,
                                                    LLC and The Chung Family Trust

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 South Grand Avenue, 22nd Floor, Los Angeles, CA 90071-3132

A true and correct copy of the foregoing document entitled (*specify*): SENIOR SECURED LENDERS' OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION ON AN INTERIM BASIS PENDING A FINAL HEARING will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 20, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    Richard W Esterkin resterkin@morganlewis.com, vrader@morganlewis.com
    Brian D Fittipaldi brian.fittipaldi@usdoj.gov
    John-Patrick M Fritz jpf@lnbrb.com
    Mette H Kurth kurth.mette@arentfox.com, nancy.peters@arentfox.com
    David L. Neale dln@lnbrb.com
    Evan D Smiley esmiley@wgllp.com, msciesinski@wgllp.com
    United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 20, 2014 | Victoria L. Rader | *Victoria L. Rader* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                  **F 9013-3.1.PROOF.SERVICE**