**WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP**
Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com
Philip E. Strok, State Bar No. 169296
pstrok@wgllp.com
Robert S. Marticello, State Bar No. 244256
rmarticello@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Attorneys for Creditor
Chaucer Foods UK Limited

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA BARBARA DIVISION

| | |
|---|---|
| In re | Case No. 9:14-bk-11776-PC |
| CRUNCHIES FOOD COMPANY, LLC, | Chapter 11 |
| Debtor. | **LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION ON AN INTERIM BASIS PENDING A FINAL HEARING** |
| | Hearing |
| | Date:   August 21, 2014 |
| | Time:  1:30 p.m. |
| | Place: Courtroom 201 |
| | 1415 State Street |
| | Santa Barbara, CA 93101 |

Chaucer Foods UK Limited ("Chaucer"),[1] files this limited objection to the *Debtor's*

*Emergency Motion for Authority to Use Cash Collateral and to Provide Adequate*

*Protection on an Interim Basis Pending a Final Hearing* [Docket No. 8] (the "Motion") filed

by the debtor and debtor-in-possession Crunchies Food Company, LLC (the "Debtor").

---

[1]    The Debtor lists Chaucer as its largest general unsecured creditor in the Statement of Top 20
General Unsecured Creditors.

969008.1                                        1                              LIMITED OBJECTION

**Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**I.    INTRODUCTION**

Contrary to the Debtor's mischaracterizations, this case was commenced due to the Debtor's lack of cash to fund its operations.  This fact is demonstrated by the Debtor's very own cash collateral projections.  The Debtor lacks the cash to operate absent $600,000 in unspecified "Loans," including $150,000 in the *first week.*  Without this speculative sum, the Debtor cannot meet its budgeted manufacturing and operational costs.  No emergency motion for debtor-in-possession financing has been filed.  Thus, without the "loans" that the Debtor has not yet obtained, and which would be subject to Court approval, the Debtor will run out of money during week 1 of the Budget.[2]

The Debtor's inability to generate positive cash flow has nothing to do with Chaucer.  Chaucer was a supplier that the Debtor failed to pay, resulting in a lawsuit and a writ of attachment.  After reaching a settlement with Chaucer, the Debtor defaulted on the parties' mutually-agreed repayment plan.

Rather than taking responsibility for the Debtor's financial losses and bankruptcy filing, it instead blames Chaucer for a "hostile takeover."  The reality is that the Debtor was requesting a loan from Chaucer to fund its operations.  As the discussions progressed, the Debtor refused to consent to an assignment for benefit of creditors ("ABC") just prior to the petition date which would have resulted in a sale of its assets, the cancellation of the entire $7 million of secured debt, a waiver of Chaucer's $1 million unsecured claim, and the payment of substantial money to the assignment estate, which would have provided a return to general unsecured creditors.

Chaucer is currently in discussions with secured creditors Chung and DeLaski and intends to submit by Monday an offer on terms similar to those contained in the offer made to the Debtor pre-petition.  The offer being contemplated would provide for the sale of the Debtor's assets to a to-be-formed purchaser ("NewCo") pursuant to Section 363(f)

---

[2]    Any capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

969008.1

2

LIMITED OBJECTION

1 of the Bankruptcy Code and would result in the waiver of Chung's $2 million claim,

2 DeLaski's $5 million claim, and Chaucer's $1 million claim.  The offer would also provide

3 for a substantial cash payment to the bankruptcy estate for creditors.  However, given the

4 Debtor's lack of liquidity, time is of the essence because the continuity of the Debtor's

5 customers must be maintained for the acquisition to take place.

6       Chaucer hopes to have a letter of intent to the Debtor in short order, but by no later

7 than Monday.  Once the letter of intent is submitted, Chaucer and the other owner(s) of

8 NewCo will need unfettered access to the Debtor's books and records to complete their

9 due diligence.  Chaucer believes the due diligence can be completed in 10 days.  Based

10 on the foregoing, the Court should continue the hearing on the Motion to Monday, August

11 25, 2014, or the earliest date thereafter that is convenient for the Court, and pending such

12 continued hearing the Debtor's use of cash collateral should be limited to the payment of

13 only those expenses necessary to prevent irreparable harm and should be based on the

14 Debtor's current cash on hand.

15

16 **II.**      **THE DEBTOR FAILED TO PAY CHAUCER**

17       The Debtor failed to pay Chaucer $1,537,828 for freeze dried fruit supplied by

18 Chaucer to the Debtor.  On October 18, 2013, Chaucer filed suit against the Debtor to

19 collect the amounts owed.  The Debtor and Chaucer agreed to a repayment plan,

20 requiring installment payments and the payment of the total debt by July 31, 2014.

21 However, as the Debtor admits in the Motion, the Debtor again failed to pay Chaucer the

22 amount owed and the Debtor defaulted on the repayment agreement.  Chaucer is still

23 owed approximately $1 million.

24       After Chaucer commenced suit against the Debtor for nonpayment, the Debtor

25 apparently switched to an industry competitor, Shandong Searsport Foods, Ltd.

26 ("Searsport"), for its supplies.  However, the Debtor similarly failed to pay Searsport.  The

27 Debtor's failure to pay Searsport led to another lawsuit, repayment plan, and default by

28 the Debtor.

**Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

969008.1                  3                 LIMITED OBJECTION

**Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## III.   THE DEBTOR REQUESTED A LOAN FROM CHAUCER

The Debtor requested that Chaucer loan it $1 million.  The parties' discussions led to a term sheet dated August 4, 2014 (the "Term Sheet")for the sale of the Debtor to a new, to-be-created company.   The proposed sale was to take place through an ABC, which could not have been implemented without the Debtor's consent.  The Term Sheet was offered with the tentative consent of secured creditors, Chung and DeLaski.   The Term Sheet would have satisfied the $7 million in secured debt owed to Chung and DeLaski by converting it to equity in the purchaser, and the payment of substantial money to the assignment estate.

## IV.   CONTEMPLATED LETTER OF INTENT

Chaucer is in active discussions with Chung and DeLaski regarding a letter of intent to be submitted to the Debtor on terms similar to those contained in the pre-petition Term Sheet.  The parties are discussing the sale of the Debtor's assets under Section 363(f) of the Bankruptcy Code in exchange for debt forgiveness and the payment of substantial cash to the bankruptcy estate.  To date, an agreement amongst Chaucer, Chung, and DeLaski has not yet been reached.  However, Chaucer is hopeful that a letter of intent can be submitted to the Debtor by a continued hearing on the Motion on Monday. Upon the submission of the letter of intent, Chaucer and the other owner(s) of NewCo would need to be given immediate access to the Debtor's books and records to complete their due diligence.  Chaucer believes the due diligence can be completed in 10 days. Time is of the essence because it appears that the Debtor has little or no cash to continue to operate and the contemplated acquisition can take place only if the continuity of the Debtor's customers can be maintained.

## V.   CONCLUSION

Based on the foregoing, the Court should continue the hearing on the Motion to Monday, August 25, 2014, or the earliest date that is convenient for the Court thereafter,

1  and pending such continued hearing the Debtor's use of cash collateral should be limited

2  to the payment of only those expenses necessary to prevent irreparable harm and should

3  be based on the Debtor's current cash on hand.  Absent a further Court order, the Debtor

4  should not be permitted to borrow any new funds.

5

6  Dated:  August 21, 2014                    WEILAND, GOLDEN,
                                              SMILEY, WANG EKVALL & STROK, LLP
7

8
                                   By:    /s/ Evan D. Smiley
9                                         EVAN D. SMILEY
                                          Attorneys for Creditor
10                                        Chaucer Foods UK Limited

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION ON AN INTERIM BASIS PENDING A FINAL HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **August 21, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 21, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Peter H. Carroll, United States Bankruptcy Court, Ctrm. 201, 1415 State Street, Santa Barbara, CA 93101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/21/14 | Margaret Sciesinski | /s/ *Margaret Sciesinski* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Richard W Esterkin    resterkin@morganlewis.com, vrader@morganlewis.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
John-Patrick M Fritz    jpf@lnbrb.com
Mette H Kurth    kurth.mette@arentfox.com, nancy.peters@arentfox.com
David L. Neale    dln@lnbrb.com
Sean A Okeefe    sokeefe@okeefelc.com
Evan D Smiley    esmiley@wgllp.com, msciesinski@wgllp.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov