1  **SMILEY WANG-EKVALL, LLP**
   Evan D. Smiley, State Bar No. 161812
2  esmiley@wgllp.com
   Philip E. Strok, State Bar No. 169296
3  pstrok@wgllp.com
   Robert S. Marticello, State Bar No. 244256
4  rmarticello@wgllp.com
   650 Town Center Drive, Suite 950
5  Costa Mesa, California 92626
   Telephone:    (714) 966-1000
6  Facsimile:    (714) 966-1002

7  Attorneys for Creditor
   Chaucer Foods UK Limited
8
                    **UNITED STATES BANKRUPTCY COURT**
9
                     **CENTRAL DISTRICT OF CALIFORNIA**
10
                         **SANTA BARBARA DIVISION**
11

12 | In re                                    | Case No. 9:14-bk-11776-PC
   |                                          |
13 | CRUNCHIES FOOD COMPANY, LLC,             | Chapter 11
   |                                          |
14 |                      Debtor.             | **CHAUCER FOODS UK LIMITED'S SUPPLEMENT TO ITS LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER (A) AUTHORIZING POSTPETITION FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (B) GRANTING LIENS, INCLUDING PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, AND (C) PROVIDING ADEQUATE PROTECTION TO PREPETITION LENDERS; AND DECLARATION OF ANDREW DUCKER IN SUPPORT**
   |                                          |
   |                                          | Hearing
   |                                          | Date: September 18, 2014
   |                                          | Time: 11:00 a.m.
   |                                          | Place: Courtroom 201
   |                                          |        1415 State Street
   |                                          |        Santa Barbara, CA 93101

26     Chaucer Foods UK Limited ("Chaucer") files this supplement to its limited objection

27 (the "Objection") to the *Emergency Motion for Interim Order (A) Authorizing Postpetition*

28 *Financing Pursuant to Section 364 of the Bankruptcy Code, (B) Granting Liens, Including*

978459.1                                  1              SUPPLEMENT TO LIMITED OBJECTION

*Priming Liens and Superiority Claims to Postpetition Lender Pursuant to Section 364 of the Bankruptcy Code, and (C) Providing Adequate Protection to Prepetition Lenders* [Docket No. 53] (the "Motion") filed by the debtor and debtor-in-possession Crunchies Food Company, LLC (the "Debtor").[1] In support of this supplement, Chaucer provides the attached Declaration of Andrew Ducker, Chaucer's CEO.

## I. THE DEBTOR HAS YET TO PROVIDE CHAUCER WITH ACCESS TO INFORMATION TO CONDUCT DUE DILIGENCE

Despite numerous requests, Chaucer has yet to receive due diligence information from the Debtor. Chaucer is seeking due diligence from the Debtor in order to evaluate whether to provide the Debtor with post-petition financing and/or to purchase the Debtor's assets. (*See* Ducker Decl. at ¶ 5.) Chaucer and secured creditors Chung and Delaski have been requesting information from the Debtor for weeks now and Chaucer has not received any information post-petition. (*See id.*) Nonetheless, following the original hearing on the Motion, Chaucer provided the Debtor with a list of the information that it needs to conduct due diligence. This is information that Chaucer understands was previously requested by Chung. In response, the Debtor requested that Chaucer sign a non-disclosure agreement ("NDA") to receive due diligence, even though Chaucer already executed an NDA pre-petition. (*See id.* at ¶ 6.) Chaucer quickly reviewed and revised the Debtor's proposed NDA, but the parties have not yet reached an acceptable form of a *second* NDA. As a result, Chaucer has not received any of the requested information. (*See id.*) Chaucer is concerned that the Debtor is using the second NDA as a tactic to delay providing any due diligence to Chaucer and limit the estate's options to NH Foods, LLC ("NHF").

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Objection.

The Debtor cannot establish that the Proposed DIP Loan is the best option available or an appropriate exercise of the Debtor's business judgment. The Debtor is not providing other parties with an opportunity to consider making a post-petition loan. To the contrary, the Debtor is ensuring that the Proposed DIP Loan is the estate's only option by refusing to provide parties-in-interest with equal access to information. The Debtor is limiting the ability of Chaucer to consider providing post-petition financing to the Debtor on similar or more favorable terms by refusing to provide Chaucer with the necessary information. To expect Chaucer to blindly loan six figures to the Debtor without accurate and up-to-date information is unreasonable and the lack of transparency in this case is concerning. While Chaucer received some information pre-petition, time has passed and Chaucer has serious concerns regarding the current state of the Debtor's operations.[2] (*See* Ducker Decl. at ¶ 8.) The Debtor should be ordered to provide Chaucer with the same access to information that has or will be provided to NHF (or any other DIP lender) in order to enable Chaucer to conduct due diligence.[3]

## II.    THE DRAFT LOAN AND SECURITY AGREEMENT CONTAINS NUMEROUS UNCERTANTIES AND UNREASONABLE TERMS

The Debtor has still not provided all of the information necessary to evaluate the proposed Loan and Security Agreement (the "Agreement"). It is not entirely clear that the version of the Agreement, which was filed only two hours before the original hearing, is the final version of the Agreement between the parties as it was unsigned and labeled a

---

[2]    Chaucer's concerns are understandable. For example, the Debtor has not paid payroll or rent, and the Debtor has apparently not been filling and shipping orders for some time. (*See* Decl. of James Lacey in Support of Motion for Use of Cash Collateral [Docket No. 36], Ex. 1, budget-to-actual comparison illustrating that the Debtor did not make payroll and did not pay rent; *see also* Mot. at 27, stating that the Debtor has delayed orders.)

[3]    At least some of the information requested by Chaucer should be readily available as the Debtor must have provided NHF with due diligence materials and the Agreement requires weekly reporting to NHF. (*See* Agreement [Docket No. 70] at 10 § 5.01(B).) The information that has or will be provided to NHF or any other DIP lender should be provided to Chaucer.

978459.1                                                3                          SUPPLEMENT TO LIMITED OBJECTION

"draft." The amount of the Proposed DIP Loan is not clear as it will be up to the lesser of $600,000.00 or an undisclosed "Borrowing Base," which is defined as a formula to be imposed by NHF in its sole and absolute discretion. (*See* Agreement [Docket No. 70] at 2 § 1.10, and 5, § 2.01.) The use of the Proposed DIP Loan is limited to the expenses set forth in a Budget that has yet to be provided or filed. (*See id.* at 6, § 2.02, and 7, § 2.06(G).) The Proposed DIP Loan is also conditioned on the execution of an Intercreditor Agreement that has not been disclosed and the employment of a "restructuring advisor acceptable to" NHF who has not been identified. (*See id.* at 7, §§ 2.06(D), (G).) The Agreement should not be approved, until and unless all of the foregoing information has been disclosed and parties-in-interest are given a reasonable opportunity to evaluate the Proposed DIP Loan with such information in hand.

The draft Agreement contains a number of provisions which it may be unreasonable to provide to NHF on such short notice and in connection with a one-week interim loan. For example, the Agreement contains the following provisions:

1. The Agreement prohibits the Debtor from "negotiating" the sale of its assets without NHF's consent. (*See* Agreement [Docket No. 70] at 10 § 5.01(L).)

2. The Agreement prohibits the Debtor from filing a plan to which NHF has not consented. (*See id.* at 12, § 6.01(P).)

3. The Agreement provides that the Proposed DIP Loan will be secured by, among other property of the estate, "all recoveries and proceeds" from any avoidance actions. (*See id.* at 3, § 1.01.)

4. The Agreement attempts to override the purpose of an interim order, as required by the Bankruptcy Rules, by providing that an event of default occurs if a final order approving the Agreement is not entered. Thus, if the Court does not enter a final order approving the Agreement, NHF can declare a default and proceed to take possession of all of the Debtor's assets in order to satisfy the Proposed DIP Loan, as if the Agreement was approved on a final basis in the first place. (*See id.* at 12 § 6.01(L).)

### III. CONCLUSION

Based on the foregoing, if the Court is inclined to grant the Motion on a further interim basis pending a final hearing on the Motion,[4] the Court should (1) order the Debtor to provide Chaucer with access to information to conduct due diligence, and (2) limit the amount the Debtor may borrow to only the amount that is necessary to avoid immediate and irreparable harm pending the final hearing.

Dated: September 16, 2014　　　　　　SMILEY WANG-EKVALL, LLP

　　　　　　　　　　　　　　　　　　　By:  /s/ *Robert S. Marticello*
　　　　　　　　　　　　　　　　　　　　　　EVAN D. SMILEY
　　　　　　　　　　　　　　　　　　　　　　ROBERT S. MARTICELLO
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Creditor
　　　　　　　　　　　　　　　　　　　　　　Chaucer Foods UK Limited

---

[4] Because the Motion was filed and served on September 9, 2014, the earliest the Motion can be heard on a final basis is September 23, 2014.  *See* Fed. R. Bankr. Proc. 4001(c)(2).

# DECLARATION OF ANDREW DUCKER

I, Andrew Ducker, declare as follows:

1. I am the Chief Executive Officer of Chaucer Foods UK Limited ("Chaucer"). I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of Chaucer's supplement to its limited objection (the "Objection") to the *Debtor's Emergency Motion for Interim Order (A) Authorizing Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (B) Granting Liens, Including Priming Liens and Superiority Claims to Postpetition Lender Pursuant to Section 364 of the Bankruptcy Code, and (C) Providing Adequate Protection to Prepetition Lenders* [Docket No. 53] (the "Motion"). Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2. As the CEO of Chaucer, I am familiar with its operations and books and records.

3. Crunchies Food Company, LLC (the "Debtor") failed to pay Chaucer $1,537,828 for freeze dried fruit supplied by Chaucer to the Debtor. On October 18, 2013, Chaucer filed suit against the Debtor to collect the amounts owed. The Debtor and Chaucer agreed to a repayment plan, requiring installment payments and the payment of the total debt by July 31, 2014. However, the Debtor again failed to pay Chaucer the amount owed and the Debtor defaulted on the repayment agreement. Chaucer is still owed approximately $1 million.

4. Notwithstanding the amounts owed by the Debtor to Chaucer, the Debtor requested that Chaucer loan it $1 million. Contrary to the statements of the Debtor, Chaucer never promised to invest or loan the Debtor $1 million. The parties' engaged in discussions, which led to a term sheet dated August 4, 2014 (the "Term Sheet") for the sale of the Debtor to a new, to-be-created company. The proposed sale was to take place through an ABC, which could not have been implemented without the Debtor's consent.

The Term Sheet was offered with the tentative consent of secured creditors, Chung and Delaski.

5. Chaucer is seeking due diligence from the Debtor in order to evaluate whether to provide the Debtor with post-petition financing and/or to purchase the Debtor's assets. Chaucer and secured creditors Chung and Delaski have been seeking information from the Debtor for weeks and Chaucer has not received any information post-petition.

6. Following the hearing on the Motion, Chaucer, through its counsel, provided the Debtor with a list of the information that Chaucer is requesting to conduct its due diligence. I believe this is information that was previously requested by a representative of Chung. In response to Chaucer's request, the Debtor requested that Chaucer sign a non-disclosure agreement ("NDA") to receive due diligence. This is so notwithstanding the fact that Chaucer executed an NDA pre-petition. Nonetheless, Chaucer's counsel quickly reviewed and revised the Debtor's proposed NDA, but the parties have not yet reached an acceptable form of a second NDA. As a result, Chaucer has not received any of the requested information.

7. I am concerned that the Debtor is using the second NDA as a tactic to delay providing any due diligence to Chaucer and to limit the parties' options to NH Foods, LLC.

8. While Chaucer received some information from the Debtor pre-petition, time has passed and I have serious concerns regarding the current state of the Debtor's operations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of September, 2014, at Hull, United Kingdom.

*/s/ Andrew Ducker*
ANDREW DUCKER

978459.1       7       DECLARATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAUCER FOODS UK LIMITED'S SUPPLEMENT TO ITS LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER (A) AUTHORIZING POSTPETITION FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (B) GRANTING LIENS, INCLUDING PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, AND (C) PROVIDING ADEQUATE PROTECTION TO PREPETITION LENDERS; AND DECLARATION OF ANDREW DUCKER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **September 16, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 16, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Peter H. Carroll, United States Bankruptcy Court, Ctrm. 201, 1415 State Street, Santa Barbara, CA 93101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/16/14 | Margaret Sciesinski | /s/ *Margaret Sciesinski* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                **F 9013-3.1.PROOF.SERVICE**
978459.1

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Janet L Chubb    lbubala@kcnvlaw.com, wapplegate@kcnvlaw.com;cbyrne@kcnvlaw.com
Robert E Dye    rdye@ckdcounsel.com, sransom@ckdcounsel.com
Richard W Esterkin    resterkin@morganlewis.com, vrader@morganlewis.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
John-Patrick M Fritz    jpf@lnbrb.com
Mette H Kurth    kurth.mette@arentfox.com, nancy.peters@arentfox.com
Robert S Marticello    Rmarticello@wgllp.com, msciesinski@wgllp.com
David L. Neale    dln@lnbrb.com
Sean A Okeefe    sokeefe@okeefelc.com
Richard A Rodgers    rar@sd-attorneys.com
Evan D Smiley    esmiley@wgllp.com, msciesinski@wgllp.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov