DAVID L. NEALE (SBN 141225)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  DLN@LNBYB.COM; JPF@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

**FILED & ENTERED**

**SEP 18 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>CRUNCHIES FOOD COMPANY, LLC,<br><br>      Debtor and Debtor in Possession. | Case No.: 9:14-bk-11776-PC<br><br>Chapter 11 Case<br><br>**ORDER (A) AUTHORIZING POSTPETITION FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, (B) GRANTING LIENS, INCLUDING PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE, AND (C) PROVIDING ADEQUATE PROTECTION TO PREPETITION LENDERS**<br><br>Date:    September 18, 2014<br>Time:    11:00 a.m.<br>Place:    Courtroom 201<br>            1415 State St., Santa Barbara, CA |

      This matter came before this Court on the motion (the "Motion") of Crunchies Food Company, LLC, debtor and debtor-in-possession in the above-captioned Chapter 11 case ("Debtor") (A) seeking authority, pursuant to Bankruptcy Code §§ 105, 361, 364(c)(1), 364(c)(2), and 364(d), and Bankruptcy Rules 2002 and 4001, to grant a lien on property not otherwise secured by a lien and to obtain a priming secured, super-priority debtor-in-possession term loan, as described in the Postpetition Documents in the amount of $250,000

1

from the Postpetition Lender under the Postpetition Documents (the "Motion"). Appearances were as noted on the record at the hearing.

The Court having examined the Motion and the responses and objections thereto, if any, having considered offers of proof, evidence, and testimony presented at the Interim Hearing held on September 12, 2014, and the final hearing on September 18, 2014, and upon the representations of counsel for Debtor and other parties in interest, and being otherwise fully advised of the relevant facts and circumstances surrounding the Motion, notice of the hearing on the Motion having been appropriate under the circumstances, and after due deliberation and consideration and good and sufficient cause appearing therefor,

IT IS FOUND AND DETERMINED THAT:

A. On the Petition Date, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Debtor's Case. Debtor has retained possession of its property and continues to operate its business as Debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

B. The Court has jurisdiction over the Cases and these proceedings pursuant to 28 U.S.C. § 1334. Determination of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue over this Motion is proper under 28 U.S.C. § 1409(a).

C. Debtor needs to incur Postpetition Debt as provided herein in order to maximize the value of its estate.

D. Debtor is unable to obtain unsecured credit allowable under Bankruptcy Code § 503(b)(1) sufficient to finance its operations or the administration of this Case. Debtor is likewise unable to obtain credit allowable merely under Bankruptcy Code § 364(c)(1), (c)(2) or (c)(3). Debtor is likewise unable to obtain credit under Bankruptcy Code § 364(d) on terms more favorable than those offered by Postpetition Lender.

E. The terms of the Postpetition Debt have been negotiated at arm's length, and the Postpetition Debt is being extended in good faith, as that term is used in Bankruptcy Code § 364(e).

F.  The terms and conditions of the Postpetition Documents are fair and reasonable, the best available under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and consideration.

G.  Under the circumstances of this Case, the entry of this Order is in the best interest of Debtor's estate and its creditors.

H.  The notice provided by Debtor of the Motion satisfies the requirements of Fed. R. Bankr. P. 2002, 4001(b) and (c) and 9014 and Bankruptcy Code §§ 102(1), 363, 364(c) and (d) and was otherwise sufficient and appropriate under the circumstances.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1.  <u>Defined Terms</u>.  Unless otherwise indicated, all capitalized terms used as defined terms herein have the meanings ascribed thereto in <u>Exhibit A</u> attached hereto and by this reference are made a part hereof.

2.  <u>Effect of Order</u>.  This Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 and shall take effect and be fully enforceable as of the date of entry of this Order on the Court's docket.

3.  <u>Authorization To Incur Postpetition Debt</u>.

(a)  <u>Postpetition Documents</u>.  Debtor is hereby authorized and has agreed to: (1) execute the Postpetition Documents, including all documents that Postpetition Lender finds reasonably necessary to implement the transactions contemplated by the Postpetition Documents; (2) perform its obligations under and comply with all of the terms and provisions of the Postpetition Documents and this Order; and (3) pay the Postpetition Charges, including interest, fees and costs.  Upon execution and delivery thereof, the Postpetition Documents shall constitute valid and binding obligations of Debtor enforceable in accordance with their terms.  To the extent there exists any conflict among the terms of the Motion, the Postpetition Documents, and the terms of this Order, this Order shall govern and control.

(b) <u>Permitted Uses of Postpetition Debt</u>. Debtor is authorized and has agreed to incur Postpetition Debt solely in accordance with the terms and provisions of this Order and the attached DIP Budget. If Postpetition Lender advances monies to Debtor and Debtor uses such monies other than in accordance with the terms or provisions of this Order and/or the DIP Budget, such advances shall be considered Postpetition Debt for purposes of this Order.

(c) <u>Additional Terms of Postpetition Debt.</u>

(i) <u>Maximum Amount</u>. The maximum principal amount of Postpetition Debt outstanding shall not at any time exceed the sum of $250,000.

(ii) <u>Interest</u>. All amounts outstanding under the DIP Facility will bear interest at 6% per annum compounded annually, payable at the Maturity Date, with default interest at 12%.

(iii) <u>Maturity</u>. The Postpetition Debt shall mature and be due and payable in full by Debtor on October 14, 2014, subject to extension at the Postpetition Lender's sole and absolute discretion.

(d) <u>Superpriority Administrative Expense Status; Postpetition Liens.</u>

(i) The Postpetition Debt is hereby granted superpriority administrative expense status under Bankruptcy Code § 364(c)(1), with priority over all costs and expenses of administration of the Cases that are incurred under Bankruptcy Code §§ 503(b) and 507(b), and the Postpetition Debt is entitled to the protections of Bankruptcy Code § 364(e). For the sake of clarity, the priority described in this paragraph is pari passu to that granted to the Provident Trust Group, LLC and the Chung Family Trust (collectively, "Chung"), and senior to that granted to the Donald Delaski Revocable Trust dated

December 14, 2000 ("Delaski") by separate order.

(ii) In addition, Postpetition Lender is hereby granted Postpetition Liens, including Priority Liens against the Postpetition Collateral to secure the Postpetition Debt. The Postpetition Liens, including the Priority Liens against the Postpetition Collateral: (1) pursuant to Bankruptcy Code §§ 364(c)(2), (c)(3) and 364(d), are Priority Liens, without any further action by Debtor or Postpetition Lender and without the execution, filing or recordation of any financing statements, security agreements, mortgages or other documents or instruments; and (2) shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of the Case. For the sake of clarity, the priority described in this paragraph is senior to that granted to Delaski and *pari passu* to that granted to Chung, in each case by separate order. The relative rights and obligations of Postpetition Lender and Chung are governed by the Intercreditor Agreement.[1]

(iii) Notwithstanding the foregoing, Debtor shall execute and deliver to Postpetition Lender such financing statements, mortgages, instruments and other documents as Postpetition Lender may request from time to time, and any such documents filed by Postpetition Lender shall be deemed filed as of the date of entry of this Order on the Court's docket.

(e) <u>Prohibition Against Additional Debt</u>. Debtor will not incur or seek to incur debt secured by a lien which is equal to or superior to the Postpetition

---

[1] The relief granted in this Order is without prejudice to the rights and remedies of CH Robinson Worldwide, Inc. ("CHR") as set forth in that certain stipulation between the Debtor and CHR [docket entry no. 48], to the extent approved by the Court, including, but not limited to CHR's senior secured possessory warehouse lien and prepetition claim in the approximate amount of $105,000 to $150,000 on the collateral in its possession in its warehouses

5

Debt or the Postpetition Liens, or which is given superpriority administrative expense status under Bankruptcy Code § 364(c)(1), unless, in addition to the satisfaction of all requirements of Bankruptcy Code § 364:  (1) Postpetition Lender has consented to such order; (2) at the time such an order is entered, there is no Postpetition Debt outstanding; or (3) such credit or debt is first used to pay the Postpetiton Debt in full in cash.

4. <u>Adequate Protection of the Asserted Interests of Prepetition Lenders</u>.  Prepetition Lenders have consented to the relief prayed for herein.  To the extent of any diminution in the value of the asserted interest of the Prepetition Lenders in the Prepetition Collateral, if any, the Prepetition Lenders shall be granted replacement liens to the same extent, amount, priority, validity and enforceability as the Prepetition Liens in the Postpetition Collateral ("<u>Replacement Liens</u>").  Chung's Replacement Liens granted herein are *pari passu* with the Postpetition Liens granted to Postpetition Lender.  Delaski's Replacement Liens are subordinate and subject to the Postpetition Liens granted to Postpetition Lender and the Replacement Liens granted to Chung.

5. <u>Intercreditor Agreement.</u>  The effectiveness of this Order is conditioned upon the execution of the Intercreditor Agreement contemplated in the Documents by the Postpetition Lender and Chung.

6. <u>Termination Date; Rights and Remedies</u>.

(a) <u>Effect of Termination Date</u>.  Unless extended by the Court upon the written agreement of Postpetition Lender, upon October 14, 2014, without further notice or order of Court, at Postpetition Lender's election, the Postpetition Debt shall be immediately due and payable.

(b) <u>Rights and Remedies</u>.  Upon three (3) business days' written notice to the Debtor, any Committee, and the Office of the United States Trustee after the occurrence of the Termination Date, the automatic stay shall be modified to the extent necessary to permit:  (i) the Postpetition Lender to take possession and dispose of all Postpetition Collateral without further action by the Court; (ii) the Postpetition Lender to exercise all rights and remedies available to it under the Postpetition Documents and

applicable nonbankruptcy law; and (iii) the Debtor to cooperate with the Postpetition Lender in the exercise of its rights and remedies under the Postpetition Documents and applicable nonbankruptcy law, including, without limitation, by filing a motion to retain one or more agents to sell, lease or otherwise dispose of the Postpetition Collateral upon the request and subject to terms and conditions acceptable to the Postpetition Lender.

(c) <u>Debt Acquisition Right.</u> Within five (5) business days after the occurrence of a Termination Date, Chung shall have the absolute right to acquire, through an assignment, all of Postpetition Lender's right, title and interest in the Postpetition Debt, and Postpetition Liens securing the same, by tendering to the Postpetition Lender, in good funds, a sum equal to such Postpetition Debt, or such other amount as Postpetition Lender shall agree to accept in consideration for the acquisition of the Postpetition Debt. Upon the completion of such assignment, Chung shall hold all of Postpetition Lender's rights and obligations under the Postpetition Loan Documents and under this Interim Order, in the place and stead of Postpetition Lender. For the sake of clarity, any such assignment shall also terminate the Intercreditor Agreement.

7. <u>Application of Sale Proceeds</u>. All proceeds from sales or other dispositions of all or any portion of the Postpetition Collateral other than in the ordinary course shall be remitted to Postpetition Lender to repay the Postpetition Debt pursuant to the terms of the Postpetition Documents, unless otherwise agreed by the Postpetition Lender.

8. <u>No Marshaling</u>. Neither the Postpetition Lender nor the Postpetition Collateral shall be subject to the doctrine of marshaling.

9. <u>Conflicts Between Order, Motion, and Postpetition Documents</u>. To the extent there exists any conflict among the terms of the Motion, the Postpetition Documents and this Order, this Order shall govern and control.

10. <u>Modification of Stay</u>. The automatic stay imposed by Bankruptcy Code § 362 is hereby modified with respect to the Postpetition Lender solely to the extent necessary to effectuate the provisions of this Order.

11. <u>No Waiver</u>.  Postpetition Lender shall not be deemed to have suspended or waived any of its rights or remedies under this Order, the Postpetition Documents, the Bankruptcy Code, or applicable nonbankruptcy law unless such suspension or waiver is in writing, signed by a duly authorized officer of the Postpetition Lender, as applicable, and directed to Debtor.  No failure of the Postpetition Lender to require strict performance by Debtor (or by any Trustee) of any provision of this Order shall waive, affect or diminish any right of the Postpetition Lender thereafter to demand strict compliance and performance therewith, and no delay on the part of the Postpetition Lender in the exercise of any right or remedy under this Order, the Postpetition Documents, the Bankruptcy Code, or applicable nonbankruptcy law shall preclude the exercise of any right or remedy.

12. "<u>Responsible Person</u>."  The Debtor shall retain Michael Gallegos (or such other person as the DIP Lender may designate, in its sole and absolute discretion) as its chief restructuring officer commencing on Monday, September 22, 2014 at a salary of $5,000.00 per week, which may be paid out of proceeds of the DIP Loan.  All disbursements by the Debtor in excess of $500.00 shall be approved in writing by Mr. Gallegos (which approval may be obtained by electronic mail); provided that the Debtor may expend not more than $75,000.00 prior to the commencement of Mr. Gallegos' employment solely for the purchase of inventory.  By taking any actions pursuant to this Order, Postpetition Lender shall not: (a) be deemed to be in control of the operations or liquidation of Debtor; or (b) be deemed to be acting as a "responsible person" with respect to the operation, management or liquidation of Debtor.

13. <u>Release</u>.  Upon the date that the Postpetition Debt is paid in full in cash and prior to the release of the Priority Liens against the Postpetition Collateral, Debtor and the Postpetition Lender shall execute a mutual general release of any and all claims and causes of action that could have been asserted or raised under or in connection with the Postpetition Documents.

14. <u>Amendments</u>.  Debtor and Postpetition Lenders may enter into amendments or modifications of the Postpetition Documents without further notice and

hearing or order of this Court; <u>provided</u>, that (a) such modifications or amendments do not materially and adversely affect the rights of any creditor or other party-in-interest and (b) notice of any such amendment or modification is filed with this Court.

15.   <u>Binding Effect</u>.   This Order shall be binding on all parties in interest in the Cases and their respective successors and assigns, including any Trustee, except that any Trustee shall have the right to terminate this Order after notice and a hearing.  If, in accordance with Bankruptcy Code § 364(e), this Order does not become a final nonappealable order, if a Trustee terminates this Order, or if any of the provisions of the Order are hereafter modified, amended, vacated or stayed by subsequent order of this Court or any other court, such termination or subsequent order shall not affect: (a) the stipulations, representations, and findings contained in this Order and the relief granted by and the releases contained in this Order; and (b) the priority, validity, enforceability or effectiveness of any lien, security interest or other benefit or claim authorized hereby with respect to Postpetition Debt incurred prior to the effective date of such termination or subsequent order.  All such liens, security interests, claims and other benefits shall be governed in all respects by the original provisions of this Order, and Postpetition Lender shall be entitled to all the rights, remedies, privileges and benefits granted hereto, including the liens and priorities granted herein, with respect to the Postpetition Debt.  Except as otherwise explicitly set forth in this Order, no third party is intended to be, or shall be deemed to be, a third party beneficiary of this Order.

16.   <u>Survival</u>.   The provisions of this Order, and any actions taken pursuant to or in reliance upon the terms hereof, shall survive entry of, and govern in the event of any conflict with, any order which may be entered in the Case: (a) confirming any chapter 11 plan, (b) converting the Case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing the Case, (d) withdrawing of the reference of the Case from this Court, or (e) providing for abstention from handling or retaining of jurisdiction of the Case in this Court. The terms and provisions of this Order, including, without limitation, the rights granted Postpetition Lender under Bankruptcy Code §§ 364(c) and (d), shall continue in full force

and effect until all of the Postpetition Debt is indefeasibly paid in full in cash and discharged.

17. The Debtor shall file a motion to obtain bidding procedures for the sale of all, or substantially all, of the Debtor's assets on or before September 26, 2014. Objections to that motion must be filed no later than 4:00 p.m. on October 2, 2014. Any reply to such objections may be filed at, or prior to, the hearing on that motion. The Court shall hold a hearing to approve procedures in relation to the sale of all, or substantially all, of the Debtor's assests on October 3, 2014, commencing at 10:00 a.m.

18. The Debtors shall file a motion seeking authority to sell all, or substantially all, of the their assets on or before October 3, 2014. Objections to that motion must be filed no later than noon on October 9, 2014. Any reply to such objections may be filed at, or prior to, the hearing on that motion. The Court shall hold a hearing to approve the sale of all, or substantially all, of the Debtor's assets on October 14, 2014 at 11:30 a.m.

19. The Limited Objection of Chaucer Foods UK Limited is hereby overruled.

### 

Date: September 18, 2014

Peter H. Carroll
United States Bankruptcy Judge

| | |
|---|---|
| 1 | <u>EXHIBIT A, B and C filed separately</u> |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |